**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACKIE L. BRADLEY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:13-cv-1053-Orl-36DAB**

**UPLAND VENTURES, INC. and JEFFREY**
**C. UNNERSTALL,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S RENEWED MOTION FOR DEFAULT FAILURE TO COMPLY WITH COURT'S ORDER FOR DISCOVERY VIOLATIONS (Doc. No. 39)**
>
> **FILED:**   July 3, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Jackie L. Bradley filed suit against Defendants Upland Ventures, Inc. and Jeffrey C. Unnerstall for unpaid overtime wages she earned as a welder[1]. Doc. 1. Defendants have now failed to comply with this Court's Order requiring them to produce certain discovery, have failed to cooperate in discovery and have failed to cooperate with their own counsel, leading to his motions to withdraw. Following Plaintiff's previous motion outlining problems with Defendants' failure to

---

[1] Plaintiff alleged a count for "FLSA Recovery of Overtime Wages- Collective Action Count" on behalf of other employees of Defendants. Plaintiff has not specifically argued, and the Court does not make any recommendation pertaining to, the collective action Count.

cooperate and seeking a default against Defendants, the Court denied without prejudice Plaintiff's motion in order to give Defendants a final chance to comply. *See* Doc. 35. Defendants have since failed to comply with the Court's order to (belatedly) produce responsive documents. Defendants have not filed any opposition to the current Motion for Default Failure to Comply with Court's Order for Discovery Violations.

> The Court previously summarized the background of Defendants' failure to cooperate:
>
> Plaintiff seeks to have default entered against Defendants for their failure to appear at their properly scheduled depositions set for April 14, 2014. On March 24, 2014, Plaintiff noticed the depositions of Defendant Unnerstall individually and the corporate Defendant Upland Ventures, Inc. for Monday, April 14, 2014. Doc. 29.
>
> Apparently, on the Sunday afternoon before the deposition (April 13, 2014), Defendant Unnerstall sent Plaintiff's counsel an email stating he was "unable to attend the Monday morning depo's [sic] due to a personal emergency. However we could do it telephonically1. Please contact me at your earliest convenience to discuss and reschedule." Doc. 29. As Plaintiff points out, there was no mention of the details of the emergency, when it arose, why notice was not provided prior to Sunday afternoon, nor why they could attend by phone as opposed to in person, nor when they would be available to reschedule. Doc. 29. Defendants did not appear for the depositions. Defendants had also not responded to written discovery.
>
> On April 29, 2014, the Court issued an Order to Show Cause to Defendants Jeffrey C. Unnerstall and Upland Ventrues, Inc. why sanctions, including default, should not be imposed against them for failure to participate in discovery under the Federal Rules of Civil Procedure. Defendants were admonished that failure to respond to this Order would result in default be entered against them without further notice.
>
> On May 13, 2014, Unnerstall filed a response stating that the reason he asked to reschedule the deposition date was because "two days before the schedule time . . . [his] wife was very ill and [his] assistance was required at her side." Doc. 32. He states that "[s]he has since started to recover and I plead to the court to allow us to reschedule the deposition date." Doc. 32.

Doc. 35. On May 20, 2014, the Court denied Plaintiff's previous Motion for Default in order to allow Defendants a last opportunity to comply with the Court's order to provide discovery. At the time, the Court admonished Defendants:

> Defendants are ORDERED to **provide all outstanding discovery including sitting for deposition by June 2, 2014.** Defendant Unnerstall is sanctioned $250 in motion costs to be paid to Plaintiff's counsel by May 30, 2014.

-2-

> **Defendant Unnerstall and Upland Ventures, Inc. are admonished that failure to comply with the requirements by the dates set forth in this Order will result in default be entered against them without further notice.**

Doc. 35. Defendant Jeffrey Unnerstall appeared in response to Plaintiff's Notice of Rule 30(b)(6) Duces Tecum Deposition of Corporate Defendant on June 2, 2014. Unfortunately, Unnerstall did not bring any of the documents required by the Notice of Duces Tecum Deposition; Unnerstall advised that some of the documents would be produced at a "later date." Doc. 39. On the day *after* the deposition, Defendants belatedly served Plaintiff with objections and comments to the Notice of Taking Deposition Duces Tecum. Doc. 41-1.

> Plaintiff summarizes the Defendants' objections and oversights as Defendants:
>
> a. Purport to attach certain documents responsive to Requests #1, 2, 3, 4, 5, 12, 13, 18, 29, 31, 32, 33 and 38, but said documents were not attached and still have not been produced.
>
> b. Object to producing documents in response to Requests #6, 19, 20, 21, 22, 23, 24, 26, 27, 35, and 36 that would identify other claimants, co-workers and potential witnesses to the claims and defenses raised in this action, including documents that would show the hours worked by persons who ostensibly worked the same hours (and overtime hours) as Plaintiff, including other persons who have filed claims for alleged unpaid overtime compensation against Defendants.
>
> c. Claim in response to Requests #7, 8 and 34, that they do not have access to income and tax reporting documents for Plaintiff because Plaintiff was a leased employee through "Modern Business Associates."
>
> d. Object to producing documents pertaining to its overtime and employment policies, practices and procedures in response to Requests # 11 and 17, even though this is a case pertaining to alleged unpaid overtime compensation.
>
> e. Object to producing documents in response to Requests #37, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53, pertaining to Defendants' income and the "goods" and "materials" used by Defendants' employees, even though Defendants have not withdrawn the denials and affirmative defenses contained in the Complaint pertaining to whether or not Defendants are subject to the FLSA and a covered enterprise. See Defendants' Answer & Affirmative Defenses (D.E. 15), Paragraphs 6 and 7. *See Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010).

Also apparently at the deposition, "Defendants offered excuses for not bringing even the non-objectionable documents to the deposition, claiming that same may be in cabinets in the office,

in storage, or at a farm owned by Defendant in Groveland, Florida, that does not change the fact that Defendants, once again, violated the Court's Order and thwarted Plaintiff's efforts to take discovery to prove Plaintiff's claims and rebut Defendants' defenses." Doc. 39 ¶ 7.  Plaintiff argues that Defendants are merely attempting to obstruct this litigation and delay the production of meaningful discovery, with no legitimate intent to cooperate with the Court, their attorney, or Plaintiff and his counsel[2].

Defendants' belated attempts to serve objections *after* failing to appear and comply with the initial subpoena, *after* being ordered by the Court to comply, and ***after*** the deposition, are without any effect.  Defendants having failed to timely respond to the initial discovery and having failed to timely object have waived any such possible objections.  *See* Fed. R. Civ. P. 30(b)(2) (deposition notice to the party may be accompanied by a request under Rule 34 to produce documents at the deposition); Rule 34(b)(2)(party has thirty days to object after being served with request to produce), Rule 37(b)(2)(A) (court may sanction a party who fails to obey a discovery order).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders.  It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even *dismiss the action or render a judgment of default against the violating party*; and (4) the court may treat the violation as contempt of court and (5) the court may assess reasonable attorney's fees and expenses.  FED. R. CIV. P. 37(b)(2).

---

[2]The Court has entered prior orders discussing the problems counsel has had getting Defendants to cooperate. *See* Docs. 26, 28.

Defendant Jeffrey Unnerstall, as the Rule 30(b)(6) witness for the Defendant corporation Upland Ventures, failed to comply with the Court's May 20, 2014 Order to "provide all outstanding discovery including sitting for deposition by June 2, 2014." Doc. 35. Defendant Unnerstall has already been sanctioned $250 for motion costs for failing to produce relevant documents and appear for his deposition. The imposition of a monetary fine failed to impress upon him the importance of the seriousness of cooperating in discovery. He apparently also has failed to appreciate the importance of complying with the Court's Order to provide the documents by June 2, 2014 **at** his deposition, and instead belatedly objected to producing what are clearly relevant documents relating to Plaintiff's employment, Defendants' policies, and overtime wages.

The Court previously admonished Defendants Unnerstall and Upland Ventures, Inc. that the consequence of their "failure to comply with the requirements by the dates set forth" in the May 20, 2014 Order would be "default being entered against them without further notice." Doc. 35. It is respectfully **RECOMMENDED** That Plaintiff's Renewed Motion for Default Failure to Comply with Court's Order for Discovery Violations (Doc. No. 39) be **GRANTED** and the Clerk be directed to enter default against Defendants Upland Ventures, Inc. and Jeffrey C. Unnerstall. Plaintiff is directed to file a motion for default judgment with affidavits in support of any damages alleged within 21 days of any Order adopting this Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 18, 2014.

*David A. Baker*
      DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

Case 6:13-cv-01053-PGB-DAB   Document 43   Filed 09/19/14   Page 6 of 6 PageID 153